## ATCHISON, T. & S. F. RY. CO. v. STATE *et al.*.

No. 1424.   Opinion Filed December 5, 1911.

(119 Pac. 961.)

1.   **COURTS—Jurisdiction of Supreme Court—Contempt of Corporation Commission.** Section 3 of an act of the Legislature, approved May 29, 1908, entitled, ''An act providing for the punishment of any corporation, person or firm for contempt for violation of any order or requirement of the Corporation Commission'' (Sess. Laws 1907-08, p. 228), allows an appeal to the Supreme Court by any person, firm, or corporation adjudged guilty of contempt by the Corporation Commission for the violation of its orders.

2.   **COURTS—Jurisdiction—Supreme Court—Appeal From Corporation Commission.** Said statute was not repealed by act of the Legislature, entitled, ''An act creating a Criminal Court of Appeals and defining the jurisdiction of said court'' (Sess. Laws 1907-08, p. 291), nor by act of March 2, 1909, entitled, ''An act perpetuating the Criminal Court of Appeals,'' etc.   (Sess. Laws 1909, p. 170).

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Proceedings by the State and J. F. McFadden against the Atchison, Topeka & Santa Fe Railway Company.   From an order of the Corporation Commission adjudging the railway guilty of contempt, it appeals.   Jurisdiction of the Supreme Court determined.

*Cottingham & Bledsoe,* for appellant.

*Chas. West,* Atty. Gen., *Chas. L. Moore,* Asst. Atty. Gen. (*C. J. Davenport,* of counsel), for appellees.

HAYES, J.   This is an appeal from an order of the Corporation Commission adjudging appellant guilty of contempt, and fining it for violation of one of the orders of the commission. In considering the questions raised on the merits of the appeal, the question of the court's jurisdiction suggested itself to the court; and, by request of the court, counsel for both parties have

filed briefs herein upon the question of jurisdiction. Counsel for both appellant and appellees agree in the view that the court has power to hear and consider this cause, and, after consideration of their briefs, we have reached a like conclusion; but, since the question has been suggested and deemed by the court of sufficient importance to consider it separately, before considering the case upon its merits, we have decided to express our decision in writing for future guidance.

The ground upon which doubt as to the jurisdiction of this court first arose was that this is a criminal proceeding, and that the act perpetuating the Criminal Court of Appeals and conferring jurisdiction upon it in certain causes repealed the statute authorizing appeals from orders of the Corporation Commission fining persons or corporations for contempt for the violation of any of the orders of the commission. There cannot be any doubt that section 3 of the act of the first Legislature, approved May 29, 1908, entitled, "An act providing for the punishment of any corporation, person or firm for contempt for the violation of any order or requirement of the Corporation Commission of this state," etc. (Sess. Laws 1907-08, p. 228), allows an appeal from judgments of the commission adjudging any person or corporation guilty of contempt for violation of its orders, and confers upon this court jurisdiction to hear and determine same. It has been suggested that such right and jurisdiction existed without said act and were conferred by that part of section 2, art. 7, Const., reading as follows:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the state, and shall extend to all civil cases at law and in equity, and to all criminal cases until a Criminal Court of Appeals, with exclusive appellate jurisdiction in criminal cases, shall be established by law."

It has been suggested that by this provision of the Constitution appellate jurisdiction is conferred upon the Supreme Court, and the right of appeal thereto is granted to litigants in all cases, civil or criminal, until exclusive appellate jurisdiction in criminal cases is vested in a Criminal Court of Appeals, established by law. For the purposes of this case, it is unneces-

sary, as it will appear later, to determine whether a proceeding before the Corporation Commission against a person to punish a person for violation of an order of the commission is a criminal action, for, if we assume it to be such, we do not think that the foregoing provision of the Constitution conferred jurisdiction upon this court to entertain an appeal from a judgment rendered by the commission in such an action. This constitutional provision constitutes a part of the chapter of the Constitution establishing the judicial department and defining the jurisdiction of the various courts constituting that department. The character of cases therein contemplated are those that arise and are determined by the inferior courts of the state, created and organized by virtue of the Constitution, or by law enacted in pursuance thereof. While the Corporation Commission may and does possess some powers judicial in character, it is primarily a commission of legislative and administrative powers, and is not a part of the judicial department of the government.

Another section of the Constitution is devoted to providing for appeals from certain orders of the Corporation Commission and regulating the procedure thereof. Section 20, art. 9, Const. This section, among other things, provides that from any action of the commission prescribing rates, charges, or classifications of traffic or affecting the train schedule of any transportation company or requiring additional facilities, convenience, or public service of any transportation or transmission company, or refusing to approve a suspending bond, or requiring additional security thereon, an appeal may be taken by the persons therein designated to this court, and that such appeal shall be taken unless otherwise provided by law in the same manner in which appeals may be taken from the district courts. Applying the familiar principle, *expressio unius exclusio alterius,* appeals from orders of the commission adjudging persons guilty of contempt not being included among the cases in which appeals are specifically authorized, the right to appeal therein is excluded.

Said section also provides that:

"The Legislature may also by general laws provide for appeals from any other action of the commission, by the state, or

by any person interested, irrespective of the amount involved."

By this clause of the section we think it is made evident that it was intended that there should be appeals only in the actions specifically mentioned, for it authorizes the Legislature to provide for appeals from any other action of the commission, referring evidently to other actions than those enumerated in the preceding part of the section. This must have been the interpretation of these provisions by the Legislature; for, if the right of appeal in contempt proceedings before the commission is conferred by section 2, art. 7, Const., then the act of May 29, 1908, *supra,* in so far as it provides for appeals in such cases, was useless. That act authorizes an appeal to be taken in such cases to the Supreme Court, which court, under the limitations of section 20, was probably the only court to which the Legislature was authorized to provide for appeals from any action of the commission; for said section also provides immediately following the sentence quoted above that:

"All appeals from the commission shall be to the Supreme Court only, and in all appeals to which the state is a party, shall be represented by the Attorney General or by his appointed representative."

The legislative act providing for appeals to this court in contempt proceedings before the commission contained the emergency clause, and became effective on the date of its approval, to wit, May 29, 1908. On May 18th theretofore there was approved an act by the same Legislature creating and establishing a Criminal Court of Appeals and defining its jurisdiction. Sess. Laws 1907-08, p. 291. This act did not carry the emergency clause, and hence did not become effective until a time subsequent to the foregoing act, allowing appeals in contempt proceedings before the Corporation Commission. Section 2 of the act creating the Criminal Court of Appeals and defining its jurisdiction provides that it "shall have exclusive appellate jurisdiction in all criminal cases appealed from the county and district courts of this state." This language defining the court's jurisdiction is specific, and includes only cases arising in the district and county courts of the state; and there are no general

terms in the act granting jurisdiction which could include pro-
ceedings before the Corporation Commission.

Again, these two acts, having been enacted almost contem-
poraneously by the same Legislature, if there were any doubtful
conflict between them, ought to be construed so as to permit both
of them to stand. The act of May 29, 1908, therefore, providing
for appeals to the Supreme Court in contempt proceedings be-
fore the commission, was not repealed by the act creating the
Criminal Court of Appeals.

On March 2, 1909, there was approved an act by the Legis-
lature entitled, "An act perpetuating the Criminal Court of Ap-
peals, defining its duties, powers and jurisdiction." Sess. Laws
1909, p. 170. This act contains two different sections in which
the limits of the jurisdiction of the court perpetuated by the
act is defined. The seventh section thereof reads:

"The Criminal Court of Appeals shall have exclusive ap-
pellate jurisdiction in all criminal cases appealed from county
and district courts in this state, and such other courts as may be
established by law."

It will be noted that this section confines the appellate juris-
diction of this court to criminal cases from certain specific
courts now existing in the state, and from such other courts as
may be established by law. It does not include, either by specific
terms or in general terms, cases from the Corporation Com-
mission. Section 9 of the act provides:

"The Criminal Court of Appeals shall have exclusive ap-
pellate jurisdiction coextensive with the limits of the state in
all criminal cases, in the manner and under such regulations as
may be prescribed by law."

We do not think that the purpose of this section was to ex-
tend the jurisdiction of the court to any other classes of cases
than those enumerated and provided for in section 7. It is true
that the terms of section 9, in that it provides that the court
created by the act shall have exclusive appellate jurisdiction, co-
extensive with the limits of the state in all criminal cases, stand-
ing alone, might be more comprehensive than the language of
section 7; but we think the purpose of the ninth section was to
prescribe the manner and under what regulations the court should

exercise its jurisdiction, rather than to define or extend that jurisdiction as defined by section 7, and that the general terms of the latter are to be construed as limited and restricted by the specific terms of the former section. ·

"The application of the words of a single provision may be enlarged or restrained to bring the operation of the act within the intention of the Legislature, when violence will not be done by such interpretation to the language of the statute." (2 Lewis' Sutherland Stat. Construction, p. 665.)

And "general words in one part may be controlled and restrained by particular words in another, taken as expressing the same intention with more precision." (*Id.* p. 666.)

We think, therefore, the general terms of section 9, conferring exclusive appellate jurisdiction coextensive with the state upon the Criminal Court of Appeals in all cases, are to be construed in connection with and as limited by the specific terms of said section 7, and as not including such cases as may be criminal or of a criminal character arising before boards or commissions of the character of the Corporation Commission. That act contains no clause specifically repealing any statute. Observing the well-established principle that repeals by implication are not favored, and assuming that the proceeding in this case is a criminal action, we think the statute conferring jurisdiction in such cases upon this court has not been repealed.

We have avoided deciding whether this proceeding is a criminal action or a civil action, because whichever it may be could not affect the conclusion we have reached upon the question of jurisdiction. A decision upon that question may become of importance in the application of the principles of the law to the merits of the case or of similar cases hereafter arising; and we have preferred to postpone our decision upon it until it shall be necessarily involved in determining some question before us.

All the Justices concur.