**PLANTERS' COTTON & GINNING CO. v. WEST BROTHERS et al.**

No. 11396—Opinion Filed June 7, 1921.

(Syllabus.)

1. **Corporation Commission—Jurisdiction—Cotton Gins.**

Section 4, ch. 176, Session Laws 1915, provides, in substance, that the Corporation Commission has power and authority to regulate and control cotton gins in all matters relating to the performance of their public duties, and to correct abuses, prevent extortions, to fix rates, and to require gins to afford all reasonable facilities and conveniences necessary to serve the public.

2. **Same—Orders of Commission—Review.**

The Corporation Commission made an order requiring the gin company at Lamar, Oklahoma, to render similar service to persons engaged in the purchase of seed cotton and cotton seed alike, and without discrimination, and ordered the gin company to cancel all agreements in restraint of trade, and there being sufficient evidence to support a finding that the gin company had discriminated against purchasers of cotton seed and seed cotton, for the purpose of creating a monopoly, said order will not be reversed on appeal.

3. **Corporation Commission—Scope of Jurisdiction.**

The Corporation Commission of this state has such jurisdiction only as is expressly or by necessary implication conferred upon it by the Constitution and statutes.

4. **Same—Power to Punish for Violation of Penal Laws.**

Section 8235, Rev. Laws 1910, defines what is public business and confers upon the Corporation Commission power to control such business, and to make such orders as necessary to regulate and control the same, and section 19 of article 9 of the Constitution authorizes the commission to assess fines or punishments against persons for violating its orders, but neither the Constitution nor the statutes have conferred upon the commission power or authority to fine or punish parties engaged in public business for violating the penal laws of this state.

Appeal from Order of the State Corporation Commission.

Upon complaint of West Bros. and others, order issued by Corporation Commission relating to operations of the Planters' Cotton & Ginning Company and assessing a fine against the company, and the company appeals. Affirmed in part, and reversed in part.

Gibson & Hull and Abernathy & Howell, for plaintiff in error.

E. S. Ratliff, for Corporation Commission.

McNEILL, J. On the 10th day of October, 1919, West Brothers et al., of Lamar, Oklahoma, filed a complaint with the Corporation Commission against the Planters' Cotton & Ginning Company, a corporation, protesting against certain conditions and irregularities of the gin company at Lamar. It was alleged that the gin company owned both gins at Lamar, Oklahoma, and was discriminat-

ing against cotton buyers regarding the use of its warehouse for storage of cotton seed and seed cotton; that the price paid by the gin company for cotton was inadequate, and when the merchants and independent buyers began paying an adequate price for the cotton, they were forced to get out of the seed cotton market on account of the monopoly of gin company, and by its manipulating the scales and the gins of the company in a manner that gave gains in weight to the farmer on the seed, and a low percentage in the lint of the cotton baled, when purchased by an independent buyer, and, on the other hand, farmers who sold cotton to buyers who sold the gin company their seed, complained of a loss on the weight of their seed.

A hearing was had before the Corporation Commission, and the commission made certain findings of fact which may be stated, in substance, that the Planters' Cotton & Ginning Company is a corporation owning a a number of gins throughout Oklahoma and is engaged in ginning cotton and buying cotton seed, and operating cotton oil mills in the state of Oklahoma, and were the owners of two gins at Lamar, and the only gins operated at that point. That the ginning company virtually controlled a monopoly of ginning cotton and buying cotton seed at Lamar, and has taken advantage of its position by reason of its monopoly and is discriminating between persons buying seed cotton in the town of Lamar, in that it has allowed only such buyers of seed cotton as would agree to sell them the cotton seed to use the warehouse. That the gin company had an agreement with one Mackey and was giving him the exclusive right to use all the facilities and to use the storage, and paid him a premium of $2.50 on each ton of cotton seed turned to the defendant company, and in return for the exclusive privilege Mackey was required to turn all of the cotton seed bought by him to the gin company. The commission found this agreement was for the purpose of stifling and eliminating competition and its object has been obtained; that the price of cotton at Lamar had not fluctuated, but the price had only been advanced when the farmers and independent buyers attempted to break the restraint of trade made by the said defendant company. Upon said finding the commission ordered that the gin company instruct its managers and agents at Lamar and all other points of the state where it maintained gins and buys cotton seed to render service to all persons, firms, and corporations engaged in the purchase of seed cotton and cotton seed alike, without discrimination, and that all agreements in

existence and in restraint of trade be canceled immediately and the gin company be restrained from entering into such agreements. It is further ordered that the defendant gin company be fined $500 in accordance with the provisions of chapter 79, art. 1, Revised Laws of Oklahoma, 1910.

From said order and judgment, the gin company has appealed. For reversal, it is contended that the findings of fact made by the commission are not sustained by the evidence and are contrary to the evidence, and the Corporation Commission is without authority to enter said order. It is unnecessary to discuss the different findings separately, but an examination of the entire record discloses there is sufficient evidence to support the finding that the gin company was operating both gins at Lamar and was stifling and eliminating competition and discriminating against the buyers of cotton seed and seed cotton, and there is evidence to support the finding that when an independent buyer would purchase seed cotton and have the same ginned, the company in some manner manipulated the scales or the gin so the amount of lint from the cotton ginned for the independent buyer was greatly reduced from what was generally received from the same amount of seed, and there was a great variation between weight of the scales of the company and that of independent scales, and the loss was always sustained by the independent buyer.

It is sufficient to say that there is sufficient evidence in the record to support the finding of the Corporation Commission that the gin company at this place was stifling competition and creating a monopoly and was manipulating its scales and weights in a manner that would prevent independent persons from purchasing cotton seed, and then were paying an inadequate price for the cotton by reason of this monopoly.

It is next contended that the commission is not authorized under the law to make a finding that the warehouse is a part and parcel of the public utility. The Corporation Commission made no such finding, but simply made an order that the manager and agents at Lamar were required to render service to all persons engaged in the purchasing of seed cotton and cotton seed alike, and without discrimination, and that all agreements in existence in restraint of trade to which defendant was a party be canceled. Section 4, ch. 176, Session Laws 1915, gives to the Corporation Commission power and authority to regulate and control cotton gins in all matters relating to the performance of public duties, and charges the commission with the duties to correct abuses and

prevent extortion, and gives it authority to fix rates, charges, and regulations to be obeyed by persons operating gins, and requiring the gin company to afford all reasonable facilities and conveniences and services to the public, and gives it power and authority to require facilities to be afforded the public, and it has the same power to control cotton gins and the regulations thereof, as it has over transportation and transmission companies.

There is no direct finding that the warehouse was a part of the public utility, and under the authority above given to the Corporation Commission by the statute it has authority to regulate business of the gin company, and the gin company would have no right to discriminate against the buyers of cotton in the use of its warehouse, as a means to stifling competition, and for the purpose of creating a monopoly and controlling prices. It is unnecessary for us to decide whether a warehouse used by a ginning company is one of the conveniences or facilities that it may be required to furnish for the public, but the court will not permit the use of such a facility for the purpose of creating a monopoly and stifling competition in order to pay an inadequate price for the cotton purchased.

The third proposition argued is, the Corporation Commission was without jurisdiction or authority to assess a fine of any kind or character against the defendant. This court, in the case of Oklahoma City v. Corporation Commission, 80 Okla. 194, 195 Pac. 498, and A., T. & S. F. v. Corporation Commission, 68 Oklahoma, 170 Pac. 1156, held that the Corporation Commission had only such jurisdiction or authority as is expressly or by necessary implication conferred upon it by the Constitution or statutes of this state. The power and authority of the Corporation Commission to assess fines is granted to the Corporation Commission by section 19, art. 9, of the Constitution, which provides, in substance, that the Corporation Commission may assess fines for violation of any of its orders. In the instant case the corporation had violated no order of the Corporation Commission. Whether it was guilty of violating any of the provisions of article 1, ch. 79, of Revised Laws 1910, it is unnecessary to decide, as no authority is granted the Corporation Commission to hear and try persons charged with offenses defined in said article.

The Corporation Commission contends that section 8235, Rev. Laws 1910, is applicable because the evidence disclosed that the gin company had created a monopoly and is subject to be controlled by the Corporation Commission. The commission had jurisdiction and authority to make proper orders regulating the business, but neither this section of the statute, nor any other section of the statute that has been called to our attention, gives the Corporation Commission power and authority to punish and assess fines against the corporation for violating any of the penal laws of the state. The only power and authority granted to the Corporation Commission to assess fines is for violating its orders.

We therefore conclude that the judgment of the commission in so far as the fine is concerned was beyond the authority of the Corporation Commission to enter the same. The order of the Corporation Commission is affirmed in all respects, except in so far as the order imposing the fine is concerned, and that portion of the judgment is set aside and held for naught.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.