## VOGEL v. CORPORATION COMMISSION.

No. 29592.   Jan. 13, 1942.

Rehearing Denied Feb. 3, 1942.

*121 P. 2d 586.*

Clay M. Roper, L. D. (Buck) Hoyt, and Wm. L. Murphy, all of Oklahoma City, for petitioner.

Earl Foster, Floyd Green, Arthur Hughes, and James C. Hamill, all of Oklahoma City, for respondents.

George H. Bowen and W. F. Semple, both of Tulsa, R. L. Gordon, of Bartlesville, Donald Campbell, W. P. Z. German, L. G. Owen, M. Darwin Kirk, and Alvin Richards, all of Tulsa, and Warren B. Kice, of Ada, amici curiae.

RILEY, J. This is an original action by which petitioner seeks prohibition to stay and stop proceedings against him for contempt pending before the Corporation Commission. In those proceedings petitioner is charged with violation of order No. 13025 of the Corporation Commission, issued under authority of article 2, ch. 59, S. L. 1939,[1] designed to prevent the sale of inferior petroleum products.

A written accusation in the nature of a citation in the name of the State of Oklahoma was served on petitioner, a bulk station operator and resident of Craig county, wherein there was detailed, under three counts, petitioner's sales in Craig county of gasoline of a quality inferior to the minimum re-

---

[1]Art. 2, Ch. 59, S. L. 1939, 52 Okla. Stat. Ann. § 346: "Any person, firm, or corporation who sells, offers for sale, uses, or consumes any gasoline, kerosene, naphtha, motor fuel, and/or burning oil within the State of Oklahoma which does not comply with the rules, regulations, and/or specifications of the Corporation Commission and the laws of the State of Oklahoma, and any person who tampers with or molests any sign, lock, or seal mentioned in section 6 of this act shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than Five Hundred Dollars ($500) and imprisonment of not more than ninety (90) days, or both such fine and imprisonment; and in addition thereto, he shall be guilty of contempt of the orders, rules, and regulations of the Corporation Commission, and shall be subject to a fine by said commission in a sum not exceeding Five Hundred Dollars ($500) and each day on which any person, firm, or corporation violates any of such orders, rules, and regulations shall be deemed a separate and distinct offense."

quirements of Rule 9, order No. 13025, supra.

Petitioner made return of the citation served upon him, appeared before the Corporation Commission, pleaded unconstitutionality of the act, supra, under authority of which the orders, supra, were issued, the resultant lack of jurisdiction of the Corporation Commission to proceed in the cause for contempt. A demand was made for a jury trial in Craig county. These pleas being overruled, the petitioner instituted in this court the instant action.

It is contended here that petitioner is entitled to a trial by jury in Craig county upon the issue of contempt proceedings against him before the Corporation Commission. It is urged that this right exists under the provisions of section 20, art. 2, Constitution of Oklahoma. The text of that section reads in part:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed. . . ."

Our determination of the contention is governed by answer to the query of whether the acts charged upon the petitioner constitute a crime and whether these proceedings pending before the Corporation Commission are in fact a criminal prosecution.

Answer to the query is negative. "A contempt proceeding is sui generis. It is neither civil nor criminal, but may partake of either in its nature." State ex rel. Short v. Owens, 125 Okla. 66, 256 P. 704, 52 A.L.R. 1270; Eilenbecker v. District Court, 134 U. S. 31, 10 S. Ct. 424, 33 L. Ed. 801.

A respondent in a contempt proceeding is not entitled to a trial by jury, except where a jury trial is expressly provided by statute, and then only in the particular cases to which the statute applies. The fact that the act constituting the contempt may also be an indictable offense does not affect the rule where the proceedings are not by indictment. 25 Corpus Juris 194.

By statute, section 1764, O. S. 1931, 21 Okla. Stat. Ann. § 26, it is provided:

"A criminal act is not the less punishable as a crime because it is also declared to be punishable as a contempt."

It is noted that the act of sale of inferior petroleum products sought to be prohibited by the legislative act, supra, might have been and may be punishable by indictment or information as a misdemeanor entitling the accused to a trial by jury in the county in which the acts shall have been committed; the act also declares that such an offending person shall be guilty of a contempt of the orders, rules, and regulations of the Corporation Commission made conformable to provisions of the act. It logically follows, as stated in authority heretofore cited, that the fact that the act constituting the contempt may also be an indictable offense wherein an accused would be entitled to a trial by jury, does not affect the rule in contempt proceedings (that the contemnor is not entitled to a trial by jury except where a jury trial is expressly guaranteed by law in such cases), provided the proceedings are in contempt and not by indictment.

In Pioneer Telephone & Telegraph Co. v. State, 40 Okla. 417, 138 P. 1033, this court held:

". . . Appellant is not entitled to a trial by jury in such proceedings, which is had by virtue of a police regulation incident to the exercise of powers granted to the Corporation Commission."

While in that and kindred causes, St. Louis & S. F. Ry. Co. v. State, 26 Okla. 62, 107 P. 929, and Atchison, T. & S. F. Ry. Co. v. State, 35 Okla. 532, 130 P. 940, the proceedings before the Corporation Commission were in exercise of powers conferred by the Constitution, and herein we consider power exercised by virtue of a legislative act, contemplated by the Constitution (sec. 19, art. 9, providing that the Corporation Commission may be vested with such additional power and charged with such other duties as may be prescribed by law, and section 35, art. 9, authorizing by legislative act amendment or repeal

of constitutional sections 18 to 34, inclusive), the fact is, in either instance, the proceedings in contempt constituted the exercise of power under the law. Planter's Cotton & Ginning Co. v. West Brothers et al., 82 Okla. 145, 198 P. 855; Champlin Refining Co. v. Corporation Commission of the State of Oklahoma, 286 U. S. 210, 52 S. Ct. 559, 76 L. Ed. 1062; Russell v. Walker et al., 160 Okla. 145, 15 P. 2d 114. By section 19, art. 9, of the Constitution, the Corporation Commission, being vested with control of certain corporations, was granted the specific power to punish for contempt, and while it is true the power was limited to "disorderly conduct in the presence of the commission," it is also true that power was extended by that text "to enforce compliance with any of its lawful orders," and to do so the commission was empowered to adjudge and enforce its own appropriate process—no provision or requirement for a trial by jury in such cases is contemplated; none exists.

The right of trial by jury in contempt of any kind did not exist at common law. State ex rel. Short v. Owens, supra; Eilenbecker v. District Court, supra. Therefore, the provisions of section 19, art. 2, Constitution of Oklahoma, that "the right of trial by jury shall be and remain inviolate," relied upon by petitioner, is unavailing and inapplicable to the character of proceeding herein considered. This constitutional safeguard granted no new right; it did not engraft right of trial by jury in equity cases, nor in habeas corpus proceedings, nor actions for workmen's compensation. The right was not requisite to due process of law in arrest and confinement of diseased persons, nor for summary judgments on bonds, nor in probate causes, nor the administration of estates, nor in bankruptcy and insolvency, nor in military court martial. In admiralty, trial by jury has never been recognized. It is a mistaken idea that due process of law requires a plenary suit and trial by jury simply because property or personal rights are involved. That kind of procedure is due process of law which is suitable and proper to the nature of the case and sanctioned by established customs and usage of the courts. Ex parte Wall (1882) 107 U. S. 265, 21 S. Ct. 569, 27 L. Ed. 552.

Provisions of the constitutional mandate, supra, preserved the right of trial by jury in all cases where the right existed at common law, as construed together with modifications as provided by the Constitution of Oklahoma at the time of its adoption. Cartwright v. Holcomb et al., 21 Okla. 548, 97 P. 385; Maas et al. v. Dunmyer, 21 Okla. 434, 96 P. 591; State ex rel. West v. Cobb, 24 Okla. 662, 104 P. 361; Baker v. Newton, 27 Okla. 436, 112 P. 1034.

The provisions of section 25, art. 2, Constitution of Oklahoma (providing for violation, not in the presence or hearing of the court, or judge sitting as such, of any order of injunction, or restraint, made or entered by any court or judge of this state, an accused shall be entitled to a trial by jury) is not applicable nor decisive of the controversy at bar. Those provisions do not apply to proceedings before the Corporation Commission. The Corporation Commission is not a court and the commissioners thereof are not judges. The Corporation Commission "is not a part of the judicial department of government." Atchison, T. & S. F. Ry. Co. v. State, 31 Okla. 43, 119 P. 961. And this is so despite the fact that occasionally that administrative body exercises quasi-judicial functions.

Neither are applicable the provisions of 21 Okla. Stat. Ann. § 565, defining contempts, and section 567, regulating proceedings and punishments in matters of contempt. Those provisions purport by their text only to embrace contempts of court, whereas in the cause at bar there is considered contempt in its general aspect, more particularly as applied to an order of an administrative agency. That contempt under the law of this state is undefined and undivided—it is neither direct nor indirect as measured by constitutional or statutory provisions, and as such the proceedings in

relation thereto are governed by the custom and practice of the common law. This custom and practice does not provide for the contemnor a trial by jury.

It is urged that the act, art. 2, ch. 59, S. L. 1939, 52 Okla. Stat. Ann. § 346, is in contravention of section 57, art. 5, Constitution of Oklahoma, because of plurality of subjects embraced in its title and lack of clear expression of title subjects. "[It] has but one general subject . . . it may have many details." See Julian Oil & Royalties Co. v. Capshaw, 145 Okla. 237, 292 P. 841. There is no requirement that an appropriation for the enforcement of an act or otherwise be contained in the general appropriation act. Section 56, art. 5, Constitution of Oklahoma. The contention is untenable.

Writ denied.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. WELCH, C. J., and HURST and ARNOLD, JJ., dissent.

---

HURST, J. (dissenting). I think the petitioner is being denied rights guaranteed to him by the state Constitution, and the question is of sufficient importance to justify my stating at some length the reasons for my dissent.

Section 19, article 2, of the state Constitution provides that "the right of trial by jury shall be and remain inviolate," while section 20 provides that "in all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed." These sections are found in the Bill of Rights. Section 19 applies to both civil and criminal cases and safeguards and guarantees the right of trial by jury "as it existed in the Territory at the time of the adoption of the Constitution." State v. Cobb, 24 Okla. 662, 104 P. 361, 24 L.R.A. (N. S.) 639. See, also, Baker v. Newton, 27 Okla. 436, 112 P. 1034; Mathews v. Sniggs, 75 Okla. 108, 182 P. 703; Keeter v. State, 82 Okla. 89, 198 P. 866, 17 A.L.R. 557. Provisions similar to section 19 are found in the Constitutions of the other states. 35 C. J. 147, 148; 31 Am. Jur. 554, § 4. Section 20 not only guarantees a trial by jury in all criminal prosecutions, but it also guarantees the right of the accused to be tried in the county in which the crime was committed. Provisions similar to section 20 are found in most of the other state Constitutions. 35 C. J. 190; 31 Am. Jur. 573. Section 10 of the Organic Act for Oklahoma Territory is similar to section 20.

The rights guaranteed by these constitutional provisions are deeply rooted in American and English constitutional history. 3 R.C.L. 181, 182; 31 Am. Jur. 552; 35 C. J. 147. The Declaration of Independence complains of the denial of these rights to the colonists. The Federal Constitution guarantees them in the federal courts. See section 2, article 3, and the Sixth and Seventh Amendments; 35 C. J. 150. These provisions are intended to prevent oppression by the exercise of arbitrary power. They should be liberally construed in favor of the right of jury trial (31 Am. Jur. 557, note 17) and in doing so the courts should keep in mind the mischief sought to be prevented and the substance of the thing involved, and should not permit an evasion of the provisions by designating the offense "a contempt" (Puterbaugh v. Smith, 131 Ill. 199, 23 N. E. 428, 19 Am. St. Rep. 30), or by a change in the name by which the transaction may be called, and by giving some administrative board jurisdiction to punish the offense. 31 Am. Jur. 559. The thought back of them is that the right of the citizen to a fair trial before a jury of the community where the act was committed is superior to the demand for economy and speed. 31 Am. Jur. 557. They safeguard trial by jury not only as to those actions (31 Am. Jur. 564, 565) or offenses (31 Am. Jur. 573) that were triable by jury in the Territory at the time of the adoption of the Constitution, but also as to new actions or offenses of the same grade or class that may from time to time be created by statute. 16 R.C.L. 196; 31 Am. Jur. 557, 573, 574; 35 C. J. 191, notes 76 and 77.

Bearing in mind these principles, let us examine the contention of the Corporation Commission.

I agree with the contention of the commission that in making the order containing the specifications the Corporation Commission was acting as an administrative board, not as a court. By the act the Legislature simply delegated to said administrative board the legislative authority to fill in the details, after making the necessary investigation and findings of fact as to the specifications that should be made to guarantee against the sale of dangerous and inferior petroleum products to be sold to the public, and provided that such orders, rules, and specifications should have the effect of "statutory enactments." The Legislature could as well have included in the act such specifications and regulations, or it could as well have delegated such authority to any other administrative board that might then be in existence or that it might have created for the purpose. In making such rules, regulations, and specifications the commission was performing duties conferred upon it by the act of the Legislature, not by the Constitution.

It follows that the commission is also correct in contending that the order containing the rules, specifications, and regulations, made pursuant to the act, and which petitioner is charged with violating, is a legislative, not a judicial, order.

The commission next contends that the offense charged against Vogel is not a crime, and consequently he is not entitled to be tried before a jury in Craig county for violation of the orders, rules, and specifications of the commission, and that he can be compelled to come to Oklahoma City, a distance of some 200 miles, and bring with him his witnesses and stand trial without a jury before an administrative board (the members of which are not required to be lawyers) and be subjected to a fine of as much as $1,500 for the three violations charged in the complaint. I am unable to agree with this contention.

I agree that in the absence of constitutional provision to the contrary, *contempts of court* may be summarily tried without a jury, and this applies to both direct and indirect contempt. See Burke & Brown v. Territory, 2 Okla. 499, 37 P. 829; 35 C. J. 194, note 19; 6 R.C.L. 522, note 11; 12 Am. Jur. 429, note 17. However, this rule was modified by section 25, article 2, of our Constitution, so that in Oklahoma any person accused of indirect contempt of court in violating or disobeying "any order of injunction or restraint made or entered by any court or judge of the state shall, before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused," and in all cases the accused must be given an opportunity to be heard. I do not believe the first part of this section, providing that "the Legislature shall pass laws defining contempts and regulating the proceedings and punishment in matters of contempt," gives the Legislature power to define contempts and provide for their trial in a manner violative of the other sections of the Constitution. It must be read in connection with all the provisions of the Constitution which were intended to protect the rights of the citizen, such, for instance, as sections 19 and 20, article 2, supra. See Nichols v. State, 8 Okla Cr. 550, 129 P. 673, holding that section 20 applies to prosecutions for indirect criminal contempt.

The fact that a person convicted of the "contempt," for which the commission may try him, is not punished by imprisonment, or that he may not be imprisoned for failing to pay the fine, does not, as the commission argues, establish that the offense named in the statute is not a crime. Root v. McDonald, 260 Mass. 344, 157 N. E. 684, 54 A.L.R. 1422. Under section 1763, O. S. 1931, 21 O.S.A. § 3, crimes are punished by death, imprisonment, fine, removal from office, or disqualification to hold office. Many crimes are punished by fine only. A fine is defined as "a sum of money exacted as a pecuniary punishment from a person guilty of an of-

162

fense." Bergman v. State, 187 Wash. 622, 60 P. 2d 699, 106 A.L.R. 1007. See, also, 8 R.C.L. 269, § 280.

It is not important that fines assessed by the Corporation Commission are collected by execution only, as the method of collecting the fine or instituting the proceedings does not determine whether the act punished is or is not a crime. Chicago, R. I. & P. Ry. v. Territory, 25 Okla. 238, 105 P. 677.

Nor do the cases of St. Louis-S. F. Ry. Co. v. State, 26 Okla. 62, 107 P. 929, Atchison, T. S. & F. Ry. Co. v. State, 35 Okla. 532, 130 P. 940, and Pioneer Tel. & Tel. Co. v. State, 40 Okla. 417, 138 P. 1033, support the contention of the Corporation Commission. There it was held that the accused, in a contempt proceeding before the Corporation Commission for violating the orders of the commission in performing acts authorized by the *Constitution* under article 9, is not entitled to a jury trial. Here Vogel is being prosecuted for violating an order of the commission made pursuant to authority given by *statute,* not by the Constitution.

It must be assumed that the term "criminal prosecutions," as used in said constitutional provision (section 20), was intended to be used in its ordinary sense. 11 Am. Jur. 680. It has reference to prosecutions for crimes or offenses against the state, public wrongs as distinguished from torts or private wrongs. The offense for which the petitioner is being prosecuted bears all the earmarks of a crime: (1) The first part of section 7, art. 2, Laws 1939, denominates the offense a misdemeanor and makes it punishable by a fine and imprisonment. (2) The offense punishable by the Corporation Commission is referred to in the act as an "offense." The words "crime" and "offense" are generally used synonymously. 16 C. J. 52; 14 Am. Jur. 752. In fact, section 1763, O. S. 1931, 21 O.S.A. § 3, uses the term "crime" and "public offense" synonymously, and defines them as follows: "A crime or public offense is an act or omission forbidden by law, and to which is annexed, upon conviction, either of the following punish-

ments: . . ." (3) The act for which Vogel is being prosecuted is forbidden by law, namely, section 7 of the act, and Order No. 13025, which under section 3 of the act must be "accepted as statutory" enactment. (4) The statute provides that each day's violation "shall be deemed a separate and distinct offense," a provision generally found in criminal statutes of this nature. (5) The offense committed by the petitioner, in violating the rules and regulations of the Corporation Commission, is a wrong committed against the public interest and not against mere private rights. See Chicago, R. I. & P. Ry. Co. v. Territory of Oklahoma, supra.

Furthermore, the proceedings bear the earmarks of a criminal prosecution. The prayer of the complaint was that Vogel "be punished as for contempt." The style of the proceeding is "State of Oklahoma, Plaintiff, v. Walter Vogel, Defendant." The citation notified Vogel to appear before the Corporation Commission, in Oklahoma City, on a named date, and "show cause why you should not be punished as for contempt and a fine assessed against you as provided by the laws of the State of Oklahoma and the rules and regulations of the Corporation Commission."

I conclude that the offense, punishable by the Corporation Commission and denominated "contempt" by the statute in question, is in fact a public offense or crime. The fact that it is denominated a crime in the first portion of the quoted section and a contempt in the second portion does not change its character. See section 1764, O. S. 1931, 21 O.S.A. § 26; Michaelson v. United States, 266 U. S. 42, 45 S. Ct. 18. The punishment for the "contempt" is simply an additional penalty for the same criminal act.

The Corporation Commission is by our Constitution and statutes vested with legislative, executive, and judicial powers. Sterling Refining Co. v. Walker, 165 Okla. 45, 25 P. 2d 312; Russell v. Walker, 160 Okla. 145, 15 P. 2d 114; H. F. Wilcox Oil & Gas Co. v. State, 162 Okla. 89, 19 P. 2d 347. By section 19, art. 9,

of the Constitution, it is vested with the power and authority of a court of record, and authorized to enforce compliance with its lawful orders by the imposition of fines for the violation thereof, and in the exercise of this power it sits as a court. Champlin Ref. Co. v. Corporation Commission, 286 U. S. 210, 240, 52 S. Ct. 559; St. Louis & S. F. Ry. Co. v. C. H. Cannon & Son, 31 Okla. 476, 122 P. 231. No jury trial is provided by section 19, art. 9, and we are committed to the rule that persons or companies placed by the *Constitution* under the jurisdiction of the commission are not entitled to a jury trial when charged with contempt for violation of its orders, made pursuant to its *constitutional* authority as distinguished from its *statutory* authority. St. Louis & S. F. Ry. Co. v. State, 35 Okla. 532, 130 P. 940; Pioneer Tel. & Tel. Co. v. State, 40 Okla. 417, 138 P. 1033.

The power and authority conferred by section 19, however, was limited or restricted to the public utilities over which the Constitution gave the commission jurisdiction. Section 35, art. 9, provides that after the first Monday in January, 1909, the Legislature may alter, amend, revise, or repeal sections 18 to 34, inclusive, of article 9, but that any such amendment shall not "contravene the provisions of any part of this Constitution," except sections 18 to 34. The power and authority of the commission under the act is subject to said restriction in section 35, and any power therein granted which conflicts with the provisions of sections 19 and 20, art. 2, supra, or any constitutional provision other than sections 18 to 34, inclusive, is invalid.

It is clear that by reason of the provisions of sections 19 and 20, art. 2, supra, the Legislature is without power to make any particular act or omission a crime triable before one of the courts of the state without giving the accused a right to a jury trial in the county where the offense is committed, where such offense or one of the same grade or class was triable before a jury at the time of the adoption of the Constitution. Clearly, then, the Legislature cannot evade said constitutional guarantees by authorizing an administrative board, sitting as a court, to punish a citizen for such a crime without according him such rights.

It is said in the majority opinion that a contempt proceeding is neither civil nor criminal. I disagree with this statement. The opinion in State v. Owens, 125 Okla. 66, 256 P. 704, 52 A.L.R. 1270, does contain such a statement. This court there held that Owens was guilty of a direct contempt of court, and in a case of direct contempt the state Constitution (section 25, art. 2) does not guarantee a trial by jury, and it was not necessary to there hold that the proceeding was not a criminal one in order to justify the denial of Owens a jury trial. The courts and text-writers are practically unanimous in saying that proceedings for contempt are either civil or criminal. See 13 C. J. 57; 17 C. J. S. 74; 6 R.C.L. 490; 12 Am. Jur. 392. This court and the Criminal Court of Appeals have many times so held. Smythe v. Smythe, 28 Okla. 266, 114 P. 257; Morgan v. National Bank of Commerce, 90 Okla. 280, 217 P. 388; Rocher v. Williams, 183 Okla. 613, 83 P. 2d 867; Cannon v. State, 58 Okla. Cr. 451, 55 P. 2d 135; Nichols v. State, 8 Okla. Cr. 550, 129 P. 673. The Supreme Court of the United States also adheres to this view. Michaelson v. United States, 266 U. S. 42, 45 S. Ct. 18; Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 S. Ct. 492.

The above-cited authorities hold that a criminal contempt proceeding is one to vindicate the dignity and authority of the court, while a civil contempt proceeding is one to preserve and enforce the rights of private parties. Even if we assume that this is a contempt proceeding, which, as pointed out above, I think it is not, it is a criminal proceeding, and Vogel is entitled to claim all constitutional rights guaranteed to an accused in a criminal cause.

The law as construed and applied by the majority opinion is a step in the transfer of the administration of justice from the courts sitting in the 77 county

seats to an administrative agency sitting at the State Capitol. I conclude that, under the provisions of sections 19 and 20, article 2, of the state Constitution, it cannot legally be done, and that Vogel is guaranteed a trial by jury in Craig county, where the offenses were alleged to have been committed.

I, therefore, dissent to the majority opinion.