DEFINITIONS AND GENERAL PROVISIONS
The Corporation Commission is not a part of the "State judiciary" as the term is used in Subsection 1 of 25 O.S. 304 [25-304] (1977). The Corporation Commission is a "public body" as defined in Subsection 1 of 25 O.S. 304 [25-304] (1977), and therefore, its meetings are subject to all of the provisions of the Open Meeting Act. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Under the Open Meeting Act, 25 O.S. 301 [25-301] et seq. (1977), would the Corporation Commission be considered a part of the "judiciary" for purposes of the act? 2. Is the constitutional grant of authority to the Corporation Commission to make rules and regulations in light of its mandate to supervise and regulate certain companies an exclusive grant of authority to the Commission to make rules and regulations governing the matters covered by the Open Meeting Act? 3. Does the Open Meeting Act apply to all meetings of the Corporation Commission in light of numerous cases holding that the Commission in discharging its responsibilities, exercises executive, legislative and judicial powers? Article VII, Section 1 of the Oklahoma Constitution provides in pertinent part: "The judicial power of this State shall be vested in . . . such . . . Commissions created by the Constitution . . . as exercise adjudicative authority or render decisions in individual pro ceedings. . . ." Article IX, Section 19 of the Oklahoma Constitution provides: "In all matters pertaining to the public visitation, regulation, or control of corporations, and within the jurisdiction of the Commission, it shall have the powers and authority of a court of record, to administer oaths, to compel the attendance of witnesses, and the production of papers, to punish for contempt any person guilty of disrespectful or disorderly conduct in the presence of the Commission while in session, and to enforce compliance with any of its lawful orders or requirements by adjudging, and by enforcing its own appropriate process, against the delinquent or offending party or company (after it shall have been first duly cited, proceeded against by due process of law before the Commission sitting as a court, and afforded opportunity to introduce evidence and to be heard, as well against the validity, justness or reasonableness of the order or requirement alleged to have been violated, as against the liability of the company for the alleged violation), such fines or other penalties as may be prescribed or authorized by this Constitution or by law." (Emphasis added) In the case of St. Louis-San Francisco Railway v. State, 81 Okl. 298, 198 P. 73 (1921), the Oklahoma Supreme Court said: "Oklahoma adopted that part of its Constitution pertaining to the Corporation Commission from the Constitution of Virginia. Construing the Virginia Constitution, in the case of Prentis v. Atlantic Coast Line Company, et al., 211 U.S. 210, 29 S.Ct. 67,53 L.Ed. 150, Holmes J., said: "'The State Corporation Commission is established and its powers are defined at length by the Constitution of the state. There is no need to rehearse the provisions that give it dignity and importance or add judicial to its other functions, because we shall assume that, for some purposes, it is a "court" within the meaning of Stat. 720 and in the commonly accepted sense of that word. Among its duties it exercises the authority of the state to supervise, regulate, and control public service corporations, and to that end, as is said by the Supreme Court of Virginia and repeated by counsel at the bar, it has been clothed with legislative, judicial and executive powers. (citations omitted)' " The new Oklahoma "Open Meeting Act", 25 O.S. 301-314 [25-301-314] (1977), defines the term "public body" in Section 25 O.S. 304 [25-304](1) as follows: " 'Public body' means the governing bodies of all municipalities located within the State of Oklahoma, boards of county commissioners of the counties in the State of Oklahoma, boards of public and higher education in the State of Oklahoma and all boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts, task forces or study groups in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering the public property and shall include all committees or subcommittees of any public body. It shall not mean the state judiciary or the State Legislature or administrative staffs of public bodies, including, but not limited to, faculty meetings and athletic staff meetings of institutions of higher education, when said staffs are not meeting with the public body." (Emphasis added) In 25 O.S. 303 [25-303] of the Act, it is provided that all meetings of public bodies shall be held at specified times and places which are convenient to the public and shall be open to the public except as specifically provided in the Act. Although it is obvious from reading the above authorities that the Corporation Commission is vested with some powers of a court of record, the Oklahoma Supreme Court has on at least two occasions determined that the Commission is not a part of the judicial department of the government. In Atchison, TSF Railway Company v. State, et al., 119 P. 961 (1911), the railroad appealed an order of the Corporation Commission adjudging it guilty of contempt. The case is of importance to the issue under consideration in this opinion because of its analysis of the powers and duties of the Corporation Commission. In particular, language of the Court appearing at page 962 of the opinion is worthy of careful consideration: "It has been suggested that by this provision of the Constitution, appellate jurisdiction is conferred upon the Supreme Court, and the right of appeal thereto is granted to litigants in all cases, civil or criminal, until exclusive appellate jurisdiction in criminal cases is vested in a Court of Criminal Appeals, established by law. For the purposes of this case, it is unnecessary, as it will appear later, to determine later whether a proceeding before the Corporation Commission against a person to punish a person for violation of an order of the Commission is a criminal action, or, if we assume it to be such, we do not think that the foregoing provision of the Constitution conferred jurisdiction upon this court to entertain an appeal from a judgment rendered by the Commission in such an action. This constitutional provision constitutes a part of the chapter of the Constitution establishing the judicial department and defining the jurisdiction of the various courts constituting that department. The character of cases therein contemplated are those that arise and are determined by the inferior courts of the state, created and organized by virtue of the Constitution, or by law enacted in pursuance thereof. While the Corporation Commission may and does possess some powers judicial in character, it is primarily a commission of legislative and administrative powers, and is not a part of the judicial department of the government." (Emphasis added) It should be noted at this point that the language of Article IX, Section 19 of the Oklahoma Constitution was identical to the current language at the time the Court rendered its decision in the above case. In the case of Vogel v. Corporation Commission of Oklahoma, et al., 121 P.2d 586
(1942), petitioner brought an original action in the Supreme Court seeking prohibition to stay proceedings against him for contempt pending before the Corporation Commission. The Court, in essence, held that statutes defining "contempt" and regulating proceedings and punishments for contempt of court are inapplicable to contempt in its general aspects as applied to an order of an administrative agency. Further, the Court held specifically at page 589 of the opinion: "The provisions of Article II, Section 25 Constitution of Oklahoma (providing for violation, not in the presence or hearing of the court, or judge sitting as such, of any order of injunction, or restraint, made or entered by any court or judge of this state, an accused shall be entitled to a trial by jury) is not applicable nor decisive of the controversy at bar. Those provisions do not apply to proceedings before the Corporation Commission. The Corporation Commission is not a court and the commissioners thereof are not judges. The Corporation Commission is not a part of the judicial department of the government,' Atchison, TSF Railway Company v. State,31 Okl. 43, 119 P. 961, 962. And this is so despite the fact that occasionally that administrative body exercises quasi-judicial functions." Vogel, supra, was also cited favorably in the case of State v. Freeman, Okl., 440 P.2d 744
at page 751: "These exceptions were also discussed in Russell v. Walker, 160 Okl. 145, 15 P.2d 114, wherein we held that under the provisions of Article IX, Constitution, the Corporation Commission is vested with legislative, executive and judicial power. Also, by the provisions of Article VII, Section 1 Constitution, a portion of the judicial power of the state is vested in the senate, sitting as a court of impeachment. In Vogel v. Corporation Commission, 190 Okl. 156, 121 P.2d 586, we said: " '. . . The Corporation Commission is not a court and the commissioners thereof are not judges. The Corporation Commission "is not a part of the judicial department of the government." . . . And this is so despite the fact that occasionally that administrative body exercises quasi-judicial functions.' "The Vogel case, supra, is in harmony with Article VII, Section 1 Constitution, as originally adopted, which vested the judicial power in a '. . . Supreme Court, district courts, . . . and such other courts, commissions or boards, inferior to the Supreme Court, as may be established by law.' (Emphasis ours). The Corporation Commission was not mentioned in the above section and was established by the original constitution and not by legislative enactment." It should also be noted that two bills were introduced in the Legislature in 1978 which would have exempted the Corporation Commission from the Open Meeting Act; however, neither of these were passed. See, Senate Bill 566 (1978), killed in Senate Committee on County, State and Federal Government, and House Bill 1784 (1978), killed in House Committee on the Judiciary. It must be concluded that the Legislature by inclusion of the words "state judiciary" in the exemptions to the new Open Meeting Act did not thereby exempt the Corporation Commission from the operation of the act. Your second question is answered in part by the answer to your first question. Additionally, in the case of Carl v. Board of Regents, 49 O.B.J. 616 (April 11, 1978), the Oklahoma Supreme Court at page 617 of the opinion refers to the Open Meeting Act as applying to constitutional as well as statutory entities. Your third question is likewise answered in part by the answer to your first question. Additionally, all "public bodies" exercise executive, legislative and judicial powers in varying degrees and combinations, and the Open Meeting Act applies to all "public bodies" in the exercise of any of these functions, except the state judiciary and the Legislature. It is, therefore, the opinion of the Attorney General that your questions be answered in the following manner: The Corporation Commission is not a part of the "state judiciary" as the term is used in subsection 1 of 25 O.S. 304 [25-304] (1977). The Corporation Commission is a "public body" as defined in subsection 1 of 25 O.S. 304 [25-304] (1977), and therefore, its meetings are subject to all of the provisions of the Open Meeting Act. (GERALD E. WEIS)