**STAMFORD ENERGY COMPANIES,
INC., Appellant,**

v.

**The CORPORATION COMMISSION OF
the STATE of Oklahoma, Appellee.**

No. 64800.

Supreme Court of Oklahoma.

March 8, 1988.

Rehearing Denied Nov. 15, 1988.

Charles A. Whitebook, Tulsa, for appellant.

Oklahoma Corp. Comm'n by Gretchen P. Hoover and Leslie Wilson Pepper, Oklahoma City, for appellee.

HODGES, Justice.

We granted certiorari in this case to determine whether the Corporation Commission of the State of Oklahoma (Commission) has the power and authority to hold a bonded and designated operator of a lease responsible for the unlawful acts of its service contractors which the operator hires to perform tasks on the lease for the benefit of the operator.

An operator of a well must agree in writing to drill, operate and plug the well in compliance with the rules and regulations of the Commission and the laws of

this State and must also post a surety bond as prescribed by 52 O.S.Supp.1987 § 318.1 as a prerequisite for operating in Oklahoma.[1] Oklahoma Corporation Commission Oil and Gas Rule (OCC–OGR) 3–110.1 requires an earthen pit to be operated at all times so as to prevent any escape of any deleterious substance.[2] Section 19 of Article 9 of the Oklahoma Constitution empowers the Commission to find any person in contempt for violation of a Commission rule, which provides in relevant part:

"In all matters pertaining to the public visitation, regulation, or control of corporations, and within the jurisdiction of the Commission, it shall have the powers and authority of a court of record ... to punish for contempt any person guilty of disrespectful or disorderly conduct in the presence of the Commission while in session, and to enforce compliance with any of its lawful orders or requirements by adjudging, and by enforcing its own appropriate process, against the delinquent or offending party or company (after it shall have been first duly cited, proceeded against by due process of law before the Commission sitting as a court, and afforded opportunity to introduce evidence and to be heard, as well against the validity, justness, or reasonableness of the order or requirement alleged to have been violated, as against the liability of the company for the alleged violation), such fines or other penalties as may be prescribed or authorized by this Constitution or by law. The Commission may be vested with such additional powers, and charged with such other duties (not inconsistent with this Constitution) as may be prescribed by law, in connection with the visitation, regulation, or control of corporations ... Any corporation failing or refusing to obey any valid order or requirement of the Commission, within reasonable time ... may be fined by the Commission ... such sum, not exceeding five hundred dollars ... as may be prescribed or authorized by law; and each day's continuance of such failure or refusal, after due service upon such corporation of the order or requirement of the Commission, shall be a separate offense...."

Similarly, 52 O.S.Supp.1984 § 102 provides that any person shall be punished as for contempt for disobedience or violation of any provisions of § 86.1 et seq. of Title 52 or any of the orders, rules, regulations or judgments of the Commission and shall be fined in an amount not exceeding $5,000. Each day of such disobedience or violation constitutes a separate and additional contempt subject to separate and additional fines.

This case arises out of proceedings in contempt adjudging Stamford Energy Companies, Inc. (appellant) in violation of OCC–OGR 3–110.1 for permitting escape of deleterious substances from an on-site earthen pit used in conjunction with drilling activities, and OCC–OGR 3–204 for the failure to have an approved intent to drill. The Interim Director of the Oil and Gas Conservation Division of the Commission filed a complaint, summons, and notice of citation for contempt based on four counts alleging violations of Commission rules.[3] A hearing

---

1. *See also* Oklahoma Corporation Commission Oil and Gas Rule 3–201.1.

2. Rule 3–110.1 (amended October 7, 1987) provided in relevant part:
"USE OF ON–SITE EARTHEN PITS
(a) An earthen pit serving only the lease or unit on which it is located is defined as an on-site pit. An on-site earthen pit used for the handling, storage or disposal of any deleterious substance produced, obtained, or used in connection with the drilling or operation of wells, shall be constructed of, or sealed with, an impervious material, and shall be used and operated at all times so as to prevent any escape of any deleterious substance.

(b) No on-site earthen pit shall be constructed, enlarged, reconstructed, or used until the District Office has issued a written permit for its use and assigned a permit number. The operator shall file Form 1014, in triplicate, with the appropriate District Office. When approved, one copy will be returned to the operator as a permit which shall bear the permit number assigned. The operator shall post a waterproof sign bearing the name of the operator and the permit number within 25 feet of the pit."

3. (1) OCC–OGR 3–110.1 (permitted escape of deleterious substances from on-site earthen pit used in conjunction with drilling activities); (2) OCC–OGR 3–204 (drilling prior to approval of

was had before a hearing officer. The Interim Director filed written exceptions to and appealed from the hearing officer's report which recommended a $625 fine against appellant for violation of only Rule 3–110.1. Counsel for the Interim Director requested an additur of the amount of the recommended fine as she had initially requested a $5,000 contempt fine. She also argued the hearing officer should not have denied the alleged violation for the failure to have a properly approved intent as required under Rule 3–204. The report denied the count with regard to Rule 3–204 and dismissed without prejudice to refiling and denied the remaining two counts, respectively. A hearing was set on the exceptions challenging the recommendation regarding alleged violations of Rules 3–110.1 and 3–204 before the Commission en banc. The Commission conducted the hearing and subsequently entered Order No. 279,735 which affirmed in part and reversed in part the report of the hearing officer. The Commission fined appellant $5,000 for its violation of both Rules 3.110.1 and 3–204.

The Court of Appeals, Oklahoma City Divisions, in an accelerated docket decision reversed the Commission order and remanded the case with directions to dismiss the charge of permitting escape of deleterious substance and for rehearing on the remaining charge of drilling prior to approval of notice of intention to drill. The appellate court recognized that a contempt proceeding is *sui generis*. Nevertheless, the court held the contempt proceeding in the present matter is of a criminal nature as the order imposed the punishment of a fine. It ruled because the law of principal and agent is inapplicable in criminal cases, a party charged for contempt in violation of a rule or regulation of the Commission must be the person who actually committed the violation.

■ Oklahoma's characterization of a contempt proceeding as *sui generis* is beyond dispute. *State ex rel. Young v. Woodson,* 522 P.2d 1035, 1039 (Okla.1974);

*Vogel v. Corporation Commission of Oklahoma,* 190 Okla. 156, 121 P.2d 586, 588 (1942). This Court has long held that the violation of a Commission order punishable as contempt does not constitute a crime and a contempt proceeding is not a criminal prosecution. Based on these principles, this Court in *Vogel, supra,* held that although the Commission acts as a quasi-judicial body it is an administrative agency, not a trial court, and as such is not subject to the constitutional and statutory provisions concerning contempts of court which mandate trial by jury in particular proceedings for contempt.

■ We do not believe it is compatible with the administrative and legislative scheme to insulate an operator from liability imposed in a contempt proceeding for contemptuous acts committed by an independent contractor hired by that operator in connection with drilling a well. As previously noted, an operator bonded and licensed under § 318.1 has a statutory duty to "drill, operate and plug wells in compliance with the rules and regulations of the Commission and the laws of the State." It is the operator's responsibility to see that all operations are in compliance with the law, regardless if a particular operation is conducted by the operator personally or by its independent contractor.

OCC–OGR 3–101 (amended October 7, 1987) merely extends liability for pollution of surface or subsurface fresh water by deleterious substances to persons other than an operator. Rule 3–101 then provided in relevant part:

"PROHIBITION OF POLLUTION

(a) All operators, contractors, drillers, service companies, pipe pulling and salvaging contractors, or other persons shall at all times conduct their operations and drill, equip, operate, produce, plug and abandon all wells drilled for oil or gas, service wells or exploratory wells ... in a manner that will prevent pollution and the migration of oil, gas, salt water or other substance from one stratum into another, including any fresh

notice of intention to drill); (3) OCC–OGR 3–205 (failure to timely file a completion report, Form 1002A) and (4) OCC–OGR 3–401 through 3–405

(failure to timely and/or properly plug the well in compliance with Rules 3–401 through 3–405).

water bearing formation. Pollution of surface or subsurface fresh water by deleterious substances used in connection with the exploration, drilling, producing, refining, transporting or processing of oil or gas is hereby prohibited."

An operator is not released from liability imposed in a contempt proceeding merely because other persons are also subject to liability under Rule 3–101. We note, however, that an operator may be entitled to indemnity from its independent contractor in the amount of the contempt fine and, if it so desires, could maintain an indemnity action in district court against its contractor. 12 O.S. 1981 § 832(F); *Braden v. Hendricks*, 695 P.2d 1343, 1349 (Okla.1985); *Porter v. Norton–Stuart Pontiac–Cadillac of Enid*, 405 P.2d 109, 113 (Okla. 1965).

It is well settled that when a party owes a legal or contractual duty to another he may not escape liability for failure to perform that duty by delegating that responsibility to an independent contractor. *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 914 (Okla.1982); *Jack Cooper Transport Co. v. Griffin*, 356 P.2d 748, 754 (Okla.1959); *Shell Pipeline Corporation v. Curtis*, 287 P.2d 681, 685 (Okla.1955). Appellant relies primarily on the argument that the Commission contempt proceeding is criminal in nature therefore this rule of law has no application. We reject this argument for two reasons. First, as we have determined above, a contempt proceeding is not a criminal proceeding and the contemptuous conduct is not a crime. *Vogel, supra*. Second, under the explicit terms of § 318.1 appellant operator has a statutory nondelegable duty to comply with the Commission rules and regulations and statutes of this State in the operation of a well. It is apparent the Legislature intended to hold an operator responsible for the enforcement of the conservation laws and regulations, including rules with regard to pollution as in the present case. Appellant was subject to the prescriptions of Rule 3–110.1 and as such was required to operate the well in a manner that would prevent pollution. Statutory and constitutional provisions empower the Commission to punish as for contempt an operator for violation of any provision under the oil and gas conservation laws of the State or any order, rule or regulation of the Commission made thereunder. Failure to abide by Rule 3–110.1 imposes contempt liability. We hold the Commission did not err in finding appellant liable for contempt for noncompliance with Rule 3–110.1.

This Court's review of the Commission's order is constitutionally limited to a determination of whether the Commission has regularly pursued its authority and whether the order is supported by the law and substantial evidence. Okla. Const., art. IX, § 20; *Halpin v. Corporation Com'n*, 575 P.2d 109, 112 (Okla.1977). We find the Commission's exercise of contempt power in this case was authorized by law. The issue regarding the sufficiency of the evidence was not briefed. Inasmuch as that issue was not preserved for appellate review it is not necessary for us to address it. Accordingly, we vacate the opinion of the Court of Appeals and reinstate the order of the Commission.

Commission Order No. 279,735 AFFIRMED.

HARGRAVE, V.C.J., and HODGES, LAVENDER, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

DOOLIN, C.J., and KAUGER, J., dissent.