[No. 28547.   Department Two.   November 4, 1941.]

THE STATE OF WASHINGTON, *on the Relation of J. E. Bergin, Plaintiff*, v. CLIFF YELLE, *as State Auditor, Respondent.*[1]

*Henry Clay Agnew*, for relator.

*The Attorney General, Edward S. Franklin*, and *Roy A. Huse, Assistants*, for respondent.

BLAKE, J.—This is an original application to this court for a writ of mandate directed to the state auditor, Cliff Yelle. Relator alleges that, from March, 1934, to July 15, 1941, he was the duly appointed, qualified, and acting chief mine inspector of the state of Wash-

[1]Reported in 118 P. (2d) 807.

ington, holding office pursuant to the provisions of Rem. Rev. Stat., §§ 8641, 8642 [P. C. §§ 3833, 3834]. Those sections of the statute provide that the chief state mine inspector shall hold office for a term of four years and receive an annual salary of four thousand two hundred dollars.

Relator alleges that he received only two hundred dollars a month for the first thirteen months of his tenure; two hundred twenty-five dollars a month for the next eleven months; and two hundred fifty dollars a month thereafter until July 15, 1941. He prays that a writ of mandate issue directing that respondent draw and deliver to him a warrant or warrants in the amount of the difference between what he received and the amount prescribed by the statute.

Answering, respondent admits the facts, but affirmatively alleges that the salary received by relator was fixed by the governor pursuant to Rem. Rev. Stat. (Sup.), § 10976-1 [P. C. § 6567-1] (Laws of 1933, chapter 47, p. 276, § 1), which provides as follows:

"Wherever the salary or compensation of any state officer appointed by the governor, or of any employee in any office or department under the control of any such officer, is fixed by statute, such salary may hereafter, from time to time, be changed by the governor, and he shall have power to fix such salary or compensation at any amount not to exceed the amount fixed by statute."

Respondent also sets up affirmatively the three year statute of limitations. Relator admits that the three year statute of limitations is a bar to recovery for any period more than three years prior to the commencement of this action, August 22, 1941.

Relator contends that, under the statute, Rem. Rev. Stat., §§ 8641, 8642 (Laws of 1927, chapter 306, pp. 752, 753, §§ 4, 5), the position of chief mine inspec-

tor is a public office in contemplation of Art. II, § 25, which provides that the compensation of a public officer shall not be increased nor diminished during his term of office.

The position of mine inspector was created by the Laws of 1917, chapter 36, p. 115, § 6 (Rem. Rev. Stat., § 8641 [P. C. § 3833]). His salary was fixed at three thousand dollars (§ 7). In the Laws of 1919, chapter 130, p. 320, § 32, the legislature provided additional compensation for the state mine inspector of one hundred dollars a month.

James Bagley, who had been appointed mine inspector on July 6, 1917, laid claim to the increase of salary from the effective date of the Laws of 1919, chapter 130. Upon refusal of the state auditor to recognize his claim, Bagley sought a writ of mandate in this court. *State ex rel. Bagley v. Clausen,* 111 Wash. 254, 190 Pac. 329. The court held that Bagley was a public officer in contemplation of Art. II, § 25, of the constitution, and that the legislature had no power to increase his salary during the term for which he was appointed. That decision is obviously conclusive of the issue as now presented, for the constitutional inhibition is equally effective against reduction of salary of a state officer.

The fact that the governor, pursuant to Rem. Rev. Stat. (Sup.), § 10976-1, may have attempted to reduce relator's salary cannot affect his right to the salary fixed by statute. Obviously, if the legislature is without power to increase or diminish the salary of a state officer during his term of office, it cannot delegate such power to the governor.

Relator is entitled to a warrant for the difference between the amount he received and the amount he was entitled to under the statute during the period he held the office within the three year statute of

limitations. The writ will issue directing the respondent to draw and deliver to relator a warrant or warrants for such amount.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.