Dear Ms. Atwood:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 Pursuant to 19 O.S. Supp. 2005, § 215.30[19-215.30](A), which was last amended in 2002, district attorneys receive a salary equal to 98% of the salary of a district judge. See 2002 Okla. Sess. Laws ch. 389, § 1(A). Effective July 1, 2005, the salary of a district court judge was raised from $95,898.00 to $102,529.00. 20 O.S. Supp. 2005, § 92.1A[20-92.1A](1). Effective July 1, 2006, the Board on Judicial Compensation raised the salary of a district judge to $118,450.00, pursuant to 20 O.S. Supp. 2005, § 3.2[20-3.2](A).[1] The Oklahoma Constitution prohibits a change in the salary of a public official during the term of office unless by operation of law enacted prior to election or appointment. OKLA. CONST. art. XXIII, § 10. With reference to the cited laws, the Council requests your opinion on the following issues pertaining to the salaries of district attorneys:
 1. Are elected district attorneys who assumed office in January 2003 entitled to receive a salary increase effective July 1, 2005 in conjunction with the salary increase received by the district judges pursuant to 20 O.S. Supp. 2005, § 92.1A[20-92.1A](1)?
 2. Are district attorneys appointed after July 2005 entitled to receive the salary in effect at the time of their appointment, such that their salary would be equal to 98% of the salary in effect for district judges on July 1, 2005?
 3. Are district attorneys entitled to receive a salary increase effective July 1, 2006 in conjunction with the salary increase adopted by the Board on Judicial Compensation?
 I. CONSTITUTIONAL PROHIBITION ON CHANGES IN SALARY DURING A TERM OF OFFICE
Your questions on district attorneys' salaries are prompted by the constitutional limitation on salary increases during a public official's term of office, in pertinent part as follows:
 Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment[.][2]
OKLA. CONST. art. XXIII, § 10 (footnote added).
The Oklahoma Supreme Court considered this provision inEdmondson v. Oklahoma Corporation Commission, 971 P.2d 868, 871
(Okla. 1998), stating:
 The purpose of constitutional provisions prohibiting changes in the compensation of a public official during the current term of office has been described as intended to establish definiteness and certainty as to the salary pertaining to the office, and to take from public bodies the power to make gratuitous compensation to such officers in addition to that established by law. . . . [T]o establish the complete independence of the three branches of government. . . . [And] to prevent office holders from using their influence and position to secure salary increases after they have been elected.
Id. (citations omitted).
In an early construction of this provision the court held that the "unless" phrase permits a change in salary during a public officer's term, if the change results from the operation of a statute enacted before his election. In Board of Commissioners v.Williams, 135 P. 420, 423 (Okla. 1913), the court held that where a statute enacted prior to a county officer's term provided that the officer's salary depends upon the county's population, as shown by the census, a change in salary that results from a new census showing an increase in population "does not constitute a change of salary by operation of any law enacted during his term, but is a difference in salary, resulting from the operation of a statute enacted before his term began."
Likewise, in Macy v. Board of County Commissioners,986 P.2d 1130, 1140 (Okla. 1999), the court held that where the statute allowing certain counties to supplement district attorneys' salaries was enacted prior to the term of the incumbent district attorney, any increase or decrease in a salary supplement during the district attorney's term that is brought about by the county budgetary process would not violate the restrictions imposed by Article XXIII, Section 10.
However, when the change in salary is brought about by a statute enacted after the officer's election or appointment, the court has prohibited the change in salary during the officer's term. InBarton v. Derryberry, 500 P.2d 281 (Okla. 1972), at the time the district attorneys were elected a district attorney's salary was equal to the salary of the highest paid associate district judge of his or her district. Id. at 282. After the district attorneys assumed office, the Legislature increased the salary of associate district judges. Id. The court held that the district attorneys were not entitled to such increased salaries in view of OKLA. CONST. art. XXIII, § 10. Id. at 283. Although the statute that tied district attorneys' salaries to associate district judges' salaries was enacted prior to the election of the district attorneys, the statute that raised judges' salaries (and indirectly district attorneys' salaries) was enacted after their election. Similarly, Edmondson held that the Legislature lacked constitutional authority to increase the salaries of Corporation Commissioners during their current term of office. Edmondson,971 P.2d at 872.
 II. TIME-LINE
As reflected in the court's decisions construing the constitutional provision, it is important to determine whether the law that operates to change the officer's salary was enacted prior to the officer's election or appointment. Therefore, it may be helpful to have a time-line for changes in the law affecting district attorneys' salaries during the period covered by your questions, as follows:

Jan. 1, 1999 Effective date of amendment of 19 O.S. Supp. 1996, §
 215.30[19-215.30](A), which provided that "Beginning
 January 1, 1999, each district attorney shall
 receive a salary of Eighty-five Thousand Dollars ($85,000.00)
 per year." See 1997 Okla.
 Sess. Laws ch. 384, § 9(A).
Jan. 1, 2001 Effective date of amendment of 20 O.S. Supp. 1999, §
 92.1A[20-92.1A](1), which provided for a salary
 for district judges of $95,898.00. See
 2000 Okla. Sess. Laws ch. 37, § 6(1).
June 4, 2002 Amendment of 19 O.S. 2001, § 215.30[19-215.30](A), which
 provides that beginning July 1, 2003 district
 attorneys receive 98% of the salary of a district
 judge. See 2002 Okla. Sess. Laws
 ch. 389, § 1(A).
Nov. 2002 Election of district attorneys for the term Jan.
 2003-Dec. 2006.
Jan. 2003 District attorneys' term of office begins; district
 attorneys receive salary of $85,000.00 per year
 pursuant to 19 O.S. 2001, 215.30(A).
July 1, 2003 Effective date of the raise in district attorneys'
 salaries to $93,980.04 (98% of the salary of
 a district judge) pursuant to 19 O.S. Supp. 2002 §
 215.30[19-215.30](A), which was amended June 4,
 2002. See 2002 Okla. Sess. Laws
 ch. 389, § 1(A).
June 7, 2004 Amendment of 20 O.S. 2001, § 92.1A[20-92.1A](1) and
 enactment of 20 O.S. Supp. 2004, § 3.2[20-3.2], which
 (1) raised the salary of a district court judge
 to $102,529.00 effective July 1, 2005, and (2)
 created the Board on Judicial Compensation,
 which sets the salaries for judges no later
 than November in every odd-numbered year to
 become effective the following July. See
 2004 Okla. Sess. Laws ch. 499, §§
 2, 8(1).
July 1, 2005 Effective date for district judges' raise in
 salary to $102,529.00 in accordance with 20
 O.S. Supp. 2005, § 92.1A[20-92.1A]. See
 2004 Okla. Sess. Laws ch. 499, § 8.
July 1, 2006 Effective date for district judges' raise in
 salary to $118,450.00 by the Board on Judicial
 Compensation pursuant to 20 O.S. Supp. 2005,
 §§ 3.2-3.4[20-3.2-3.4]. See also n. 1
 above on p. 1.
 III. THE SALARIES OF DISTRICT ATTORNEYS WHO TOOK OFFICE IN JANUARY 2003 MAY NOT BE CHANGED DURING THEIR TERM OF OFFICE BY OPERATION OF A LAW PASSED AFTER THEIR ELECTION.
You first ask whether elected district attorneys who assumed office in January 2003 may receive a salary increase effective July 1, 2005, in conjunction with the salary increase received by district judges pursuant to 20 O.S. Supp. 2005, § 92.1A[20-92.1A](1). The Constitution prohibits a change in salary for public officials during the official's term of office "unless by operation of law enacted prior to such election or appointment." OKLA. CONST. art. XXIII, § 10. The "unless" phrase "permits a difference in a public officer's salary during his term resulting from the operation of a statute enacted before his election." Barton,500 P.2d at 282. It is therefore necessary to determine whether the law that operates to increase a district attorney's salary effective July 1, 2005 was enacted prior to the election of the district attorneys who took office in January 2003.
At the time that district attorneys took office in January 2003, the law applicable to their salaries provided:
 A. Beginning January 1, 1997, each district attorney shall receive a salary of Seventy-one Thousand Six Hundred Sixty-three Dollars ($71,663.00) per year, payable monthly. Beginning January 1, 1999, each district attorney shall receive a salary of Eighty-Five Thousand Dollars ($85,000.00) per year, payable monthly. Beginning July 1, 2003, each district attorney shall receive a salary equal to ninety-eight percent (98%) of the salary of a district judge.[3]
2002 Okla. Sess. Laws ch. 389, § 1 (amending 19 O.S. 2001, § 215.30[19-215.30](A)) (footnote added). This law contained an emergency clause and took effect June 4, 2002. Id. § 4. Although the effective date of the increase to 98% of a district judge's salary occurs after the district attorneys took office in January 2003, the district attorneys were entitled to the increase in July 2003 because the law authorizing such increases was enacted in June 2002, prior to the election of the district attorneys in November 2002. See Barton, 500 P.2d at 282 ("the salary of an officer may be increased after his election or during his term of office where the law which operates to increase the salary was enacted prior to his election").
You ask whether the district attorneys were entitled to the increase that would result by applying the 98% statute to the increase in district judges' salaries that became effective on July 1, 2005, as a result of the 2004 amendments to 20 O.S. 2001, § 92.1A[20-92.1A], which states in pertinent part as follows:
 Except as otherwise provided by the Board on Judicial Compensation, the following judicial officers shall receive compensation for their services, payable monthly as follows:
 1. A judge of the district court shall receive an annual salary of Ninety-five Thousand Eight Hundred Ninety-eight dollars ($95,898.00) One Hundred Two Thousand Five Hundred Twenty-nine Dollars ($102,529.00)[.]
2004 Okla. Sess. Laws ch. 499, § 8 (amending 20 O.S. 2001, § 92.1A[20-92.1A]). The 2004 amendments also created the Board on Judicial Compensation ("Board"), which sets the salaries for judges no later than November in every odd-numbered year that is to become effective July 1 of the following year, unless the compensation is rejected or amended by the Legislature. See 2004 Okla. Sess. Laws ch. 499, §§ 2-4 (codified at 20 O.S. Supp. 2004, §§ 3.2-3.4[20-3.2-3.4]).
Although the law that ties the district attorneys' salaries to the salary of a district court judge was enacted prior to the election of the district attorneys, the statute that raised the salary of the district judges effective July 1, 2005 was enacted in 2004, after the election of the district attorneys. This is similar to the fact situation addressed in Barton. In that case, at the time that the district attorneys were elected in 1970, their salaries were governed by a statute which provided a district attorney received a salary equal to the highest paid associate district judge of the district.[4] Barton,500 P.2d at 282. The district attorneys assumed office on January 4, 1971. By law enacted in June 1971, the Legislature increased the salary of associate district judges effective July 1, 1971. Id.
The district attorneys argued they were entitled to the 1971 salary increase based on the 1970 statute that provided district attorneys receive the same salary as the highest paid associate district judge. The court rejected their argument, as follows:
 In the instant case plaintiffs say they are relying upon a statute enacted in 1970, prior to their election to office. But if there is to be a salary raise for them they must have the benefit of the statute enacted in 1971, after their election to office, in order to activate a salary increase. This may not be done under Art. 23, s 10, Okl. Const., supra.
Id. at 283 (emphasis added).
Likewise, for district attorneys who took office in January 2003 to have the benefit of the 2005 raise for district judges it is necessary to apply not only the 2002 statute that ties district attorneys' salaries to a percentage of the salary of a district judge, but also to apply the 2004 law that raised district judges' salaries. Barton made it clear that this could not be done under OKLA. CONST. art. XXIII, § 10. Barton,500 P.2d at 283. Therefore, elected district attorneys who assumed office in January 2003 may not receive a salary increase effective July 1, 2005 in conjunction with the salary increase received by district judges pursuant to 20 O.S. Supp. 2005, § 92.1A[20-92.1A](1). This conclusion is consistent with a prior decision of this office with similar facts. See A.G. Opin. 97-69, at 126-27 (holding, when the salary of the Commissioner of Labor is that received by a special judge and the salary of special judges is increased pursuant to a law enacted after the term of the Commissioner commenced, the Commissioner is precluded by Article VI, Section 34 and Article XXIII, Section 10 of the Oklahoma Constitution from receiving the increase in pay).[5]
The cases in which the court has approved an increase in salary during a term of office based on the "unless" phrase in Article X, Section 23 are distinguishable from the facts presented by your question. Barton observed that the "typical case is where a salary is based upon the county population according to the official census and the salary may change during his term as a result of the change of population as reflected by a new official census." Barton, 500 P.2d at 282. Macy considered the question of whether the county commissioners' disallowance of a county-funded salary supplement[6] for the district attorney would violate OKLA. CONST. art. XXIII, § 10. Macy,986 P.2d at 1132-33. Although the issue was mooted by the court's approval of the salary supplement on other grounds, the court addressed District Attorney Macy's argument that the commissioners' refusal to approve payment of the salary supplement constituted an unconstitutional attempt to alter the salary of an elected official during his term of office.[7]Id. at 1139-40. The court rejected this assertion as follows:
 The statute authorizing the county to supplement the DA's state salary (19 O.S. Supp. 1996 § 215.30[19-215.30](C)(1)) was enacted in 1990. It clearly contemplates salary supplement that is subject to change by the fiscal-year budgetary process. The statute's terms provide that the county" may" supplement the DA's salary based on the statutory formula. Macy's term of office (that is pertinent to this litigation) began in January 1995. Because the statutory scheme allowing county supplement was enacted well before Macy's term of office had begun, any increase (or decrease) in salary supplement, which is brought about by the county budgetary process, would stand unaffected by the restrictions imposed by Art. 23 § 10.
Id. at 1140 (footnotes omitted). Macy was not addressing a salary change brought about by a legislative enactment, as is the case here, but rather a change brought about by a county budgetary process authorized by statute enacted prior to the term of office of the incumbent district attorney. With respect to the district attorneys who took office in January 2003, the statute in effect at the time of their election provided for a salary equal to 98% of the salary of a district judge. For district attorneys to have the benefit of a raise in 2005, it is necessary to apply the statute enacted in 2004 that increased district judges' salaries. Barton made it clear that the Constitution prohibits changes in salary during a term of office when such salary changes are dependent on a statute enacted after the election or appointment of the officer.
 IV. SALARIES OF DISTRICT ATTORNEYS APPOINTED AFTER JULY 1, 2005
You next ask whether district attorneys appointed after July 2005 may receive the salary in effect at the time of their appointment, such that they would be entitled to a salary based on 98% of the salary in effect for district judges on July 1, 2005.[8] The Constitution prohibits a change in the salary of any public official "after his election or appointment, or during his term of office." OKLA. CONST. art. XXIII, § 10. In construing this provision with respect to an officer who has been appointed to fill an unexpired term, the court has held:
 [W]here a person is appointed to fill an unexpired term or fractional term of a public office, "his term of office" begins with his appointment and qualification, and he is entitled to receive the salary provided by law at the time of such appointment, although such law is enacted subsequent to the date of the election or appointment of his predecessor.
Carter v. State ex rel. Taylor, 186 P. 464 (syllabus) (Okla. 1919).
A district attorney appointed after July 2005 is entitled to the benefit of the raise for district judges that became effective on July 1, 2005 pursuant to 20 O.S. Supp. 2005, § 92.1A[20-92.1A](1). See 19 O.S. Supp. 2005, § 215.30[19-215.30](A). Although this results in district attorneys who serve at the same time having different salaries, depending upon the date of their election or appointment, the Oklahoma Supreme Court has upheld such disparities. SeeEdmondson, 971 P.2d at 872 ("We have recognized that Article 23 § 10 may result in differences in the salaries of public officials performing the same duties."); Presley v. Bd. ofCounty Comm'rs, 981 P.2d 309, 311 (Okla. 1999) (holding that OKLA. CONST. art. XXIII, § 10 does not violate public officials' equal protection guarantees under circumstances where elected individuals performing essentially identical duties receive different pay because the constitutional provision is rationally related to an important governmental interest).
 V. APPLICATION TO DISTRICT ATTORNEYS OF THE SALARY INCREASE ADOPTED BY THE BOARD ON JUDICIAL COMPENSATION EFFECTIVE JULY 1, 2006
Your final question is whether district attorneys should receive a salary increase effective July 1, 2006, in conjunction with the salary increase instituted by the Board. You advised that in November 2005, the Board recommended District Judge's salaries be increased to $118,450, 00, effective July 1, 2006.[9] This salary will go into effect unless the Legislature amends or rejects it prior to July 1, 2006. 20 O.S. Supp. 2005, § 3.2[20-3.2](A).
As was noted earlier, the Board was created by 2004 Okla. Sess. Laws ch. 499, § 2 (now codified at 20 O.S. Supp. 2005, § 3.2[20-3.2](A)), which in pertinent part provides:
 Pursuant to the provisions of Section 11 of Article VII of the Oklahoma Constitution,[10] members of the State Judiciary shall receive compensation as shall be fixed by the Board of Judicial Compensation as provided in this act, unless such compensation is rejected or amended by law passed by a majority vote of each house of the Legislature.
Id. (footnote added).
The Board is composed of seven members appointed as follows: two by the President Pro Tempore of the Senate, two by the Speaker of the House of Representatives, two by the Governor and one by the Chief Justice of the Supreme Court. 20 O.S. Supp. 2005, § 3.2[20-3.2](B). The Board is required to meet in September of every odd-numbered year to review compensation paid to members of the State Judiciary and, if necessary, change the compensation. Id. § 3.3(A). The statute contains the factors that the Board is to consider in reviewing judicial compensation. Id. Any changes in compensation must be made by the Board not later than the third Tuesday of November. Id. Unless the compensation is rejected or amended by law, the change becomes effective on July 1 of the following calendar year. Id. § 3.3(B). "Any amendment passed by a majority vote of each house of the Legislature shall become effective as provided by said amendment unless vetoed by the Governor." Id.
With respect to the delegation of legislative power the court observed:
 The Legislature cannot delegate legislative power, but it may delegate authority or discretion to be exercised under and in pursuance of the law. It may delegate power to determine some fact or state of things upon which the law makes its own operation depend.
 Harris v. State ex rel. Okla. Planning Res. Bd., 251 P.2d 799, 803 (Okla. 1952) (citation omitted). The method for setting judicial compensation provided in Section 3.2 of Title 20 provides that the salaries will be established by the Board in odd-numbered years unless such salaries are rejected or amended by the Legislature during the following legislative term. The Board's salary schedule becomes effective by operation of law on July 1 unless the Legislature acts to reject or change it.
Since judges' salaries may be increased during a term of office, with respect to their raises there is no need to be concerned with whether the increase occurs "by operation of law enacted prior to such election or appointment." OKLA. CONST. art. XXIII, § 10. However, with respect to district attorneys and certain state officers whose salaries are tied to judicial salaries and who are subject to the constitutional prohibition on changes in salary during a term of office, the issue raised is whether the July 1, 2006 increase in salary is effective for (1) all incumbent district attorneys, or (2) only those elected or appointed after June 2004 (the date of the act that created the Board) or (3) only those elected or appointed after the Board establishes salaries that are not rejected or amended by the Legislature during the 2006 legislative session.
Since the law creating the Board and conferring upon it the duty to establish judicial salaries was enacted on June 7, 2004 (2004 Okla. Sess. Laws ch. 499, § 2(A)), a district attorney elected or appointed prior to June 7, 2004 is not entitled to any salary increase as a result of an increase in judicial salaries set by the Board, because such increase would represent a change in salary pursuant to a law enacted after the officer's election or appointment in violation of Okla. Const. art. XXIII, § 10. If the Legislature acted to amend the salary increase, then only those district attorneys appointed after the legislative enactment would have the benefit of the new salary established by the Legislature. The remaining issue is whether the Board's action, in establishing salaries that become effective on July 1, 2006 in the absence of legislative action, constitutes "enactment of a law," such that the new salaries would only apply to those officers appointed or elected after the salary is established by the Board.
There are no Oklahoma decisions applying the constitutional prohibition under circumstances where the Legislature has created an administrative board to establish salaries of state public officials.[11] The only case with a similar issue isMacy, 986 P.2d at 1140, in which the court held that since the statute allowing counties to supplement the district attorneys' salary was enacted prior to the term of the district attorney, any increase or decrease in a salary supplement which is brought about by the county budgetary process does not violate the Constitution.
The Constitution prohibits a change in salary during a term of office "unless by operation of law enacted prior to suchelection or appointment." OKLA. CONST. art. XXIII, § 10
(emphasis added). "Laws are the creation of, and subject to, formal statutory procedures and . . . must be introduced, passed and enacted according to our existing laws. . . ." In reInitiative Petition No. 364, 930 P.2d 186, 195 (Okla. 1996). In the situation where the new salary becomes effective in theabsence of action by the Legislature, no law has been "enacted" to make the salary effective, other than the law establishing the Board and authorizing it to establish salaries that become effective July 1 of the following year unless rejected or amended by the Legislature.
In Boehner v. Anderson, 30 F.3d 156 (D.C. Cir. 1994), the court addressed the issue of whether the Ethics Reform Act, which provides for an annual cost of living adjustment ("COLA") for members of Congress, violates the 27th Amendment ("No law, varying the compensation for services of the Senators and Representatives, shall take effect until an election of Representatives shall have intervened."). Id. at 159. The Plaintiff challenged the Act on the basis that it (1) establishes a procedure that changes his salary as a congressman without a vote of the Congress, and (2) viewing each COLA as in effect a new law, each such law varies his compensation in violation of the constitutional requirements for lawmaking in general and of the 27th Amendment in particular. Id. The court rejected these arguments, stating that the "Constitution does not define a law except to say (at least implicitly) that it is the product of the legislative process[.]" Id. at 161. The court found that the Act calling for an annual COLA became a law on November 30, 1989, upon its passage by both Houses and approval by the President and that the annual COLAs did not constitute separate laws. Id.
Likewise, with respect to the present question, the law that changes judicial salaries that becomes effective July 1, 2006, is the act which created the Board and authorized the Board to establish judicial salaries, upon which the district attorneys' salaries are based, unless the Legislature acts to reject or amend the proposed changes. 20 O.S. Supp. 2005, §§ 3.2-3.4[20-3.2-3.4]. If the Legislature were to act to amend the Board's proposed increases by passage of a law, then only those district attorneys elected or appointed after the legislative enactment would have the benefit of the increase enacted by the Legislature.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Elected district attorneys who assumed office in January 2003 may not receive a salary increase effective July 1, 2005 in conjunction with the salary increase received by the district judges pursuant to 20 O.S. Supp. 2005, § 92.1A[20-92.1A](1), because such law was enacted on June 7, 2004, which was after the election of the district attorneys in November 2002. Okla. Const. art. XXIII, § 10; see 2004 Okla. Sess. Laws ch. 499 § 8(1).
 2. District attorneys appointed after July 2005 may receive the salary in effect at the time of their appointment. Therefore, they are entitled to a salary based on 98% of the salary in effect for district judges on July 1, 2005, which was authorized pursuant to 20 O.S. Supp. 2005 § 92.1A[20-92.1A](1). OKLA. CONST. art. XXIII, § 10.
 3. District attorneys may not receive a salary increase effective July 1, 2006 in conjunction with the salary increase for district judges approved by the Board on Judicial Compensation unless they were elected or appointed after June 7, 2004, the date of enactment of the statute authorizing the Board of Judicial Compensation to establish salaries for judges, upon which district attorneys' salaries are based. Okla. Const. art. XXIII, § 10; see 20 O.S. Supp. 2005 § 3.4[20-3.4].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
KATHRYN BASS ASSISTANT ATTORNEY GENERAL
I-28
[1] See letter from Suzanne McClain Atwood, Executive Coordinator, District Attorneys Council, to Drew Edmondson, Oklahoma Attorney General 2 (Apr. 6, 2006) (on file with the Oklahoma Attorney General's Office). See letter from David W. Pitts, Chairman, Board on Judicial Compensation, to Brad Henry, Governor of Oklahoma (Nov. 9, 2005) (proposing salaries, which were not subsequently disapproved by legislation, see H.Bs. 1149X, 1155 X appropriations).
[2] This provision does not apply to judges. "The salaries of Judges and Justices shall not be diminished, but may be increased during their respective terms of office." OKLA. CONST. art. VII, § 11(a).
[3] In 2003 the salary of a district judge was $95,898.00.See 2000 Okla. Sess. Laws ch. 37, § 6(1).
[4] The 1970 statute (19 O.S. Supp. 1970, § 215.14[19-215.14]) was amended by an act approved June 25, 1971, but such amendment did not change the provision that gave district attorneys the same salary as the highest paid associate district judge of the district.Id. at 282.
[5] Pursuant to 74 O.S. 2001, § 250.4[74-250.4], various state officers receive a salary equal to the salary of designated judicial positions.
[6] The salary of the district attorney and assistant district attorneys in counties with a population of 400,000 or more "may be supplemented by the county." 19 O.S. Supp. 2005, § 215.30[19-215.30](C)(1).
[7] The court addressed the constitutional issue "because it constitutes an important question of public law that is likely to recur." Id. at 1139 n. 37.
[8] You have advised that three district attorneys have been appointed since the salary of the district judges was increased on July 1, 2005. See letter from Suzanne McClain Atwood, Executive Coordinator, District Attorneys Council, to Drew Edmondson, Oklahoma Attorney General 2 (Apr. 6, 2006) (on file with the Oklahoma Attorney General's Office).
[9] See n. 1 on p. 1.
[10] This section provides, "Judges and Supreme Court Justices shall receive for their services salaries provided by statute." Okla. const. art. VII, § 11(a).
[11] Courts in other states have held that the power delegated to an administrative board to fix the compensation of a public officer must conform to a constitutional prohibition against increasing or diminishing an officer's compensation during his or her term of office. Delardas v. County Court, 186 S.E.2d 847,855 (W.Va. 1972) (holding that the Legislature, having no unrestricted power to increase salaries of elected county officials during the terms of office for which they were elected, could not confer such power or authority upon the county courts);State ex rel. Bergin v. Yelle, 118 P.2d 807, 808 (Wash. 1941) (holding that since the Legislature is without power under the Constitution to increase or diminish the salary of a public officer during his term of office, it cannot delegate such power to the Governor and a statute attempting to do so is ineffective). However, these states have an absolute prohibition against changing an officer's compensation during his or her term, while Oklahoma has an exception ("unless by operation of law enacted prior to such election or appointment"). OKLA. CONST. art. XXIII, § 10.